[No. 11854.  Department Two.  November 17, 1914.]

MAY CREEK LOGGING COMPANY, *Appellant*, v. PACIFIC COAST
CASUALTY COMPANY, *Respondent*.[1]

INSURANCE—INDEMNITY INSURANCE—INJURIES TO EMPLOYEES—POL-
ICY—CONSTRUCTION.  A policy of indemnity insurance issued to a
logger and insuring against losses arising from claims of damages
by the insured's employees on account of accidental injuries suf-
fered by the employees while in the prosecution of the insured's log-
ging business, does not cover a loss sustained by the insured's neg-
ligent failure to furnish an employee with hospital, medical and
surgical services, under a special contract with employees so to do;
and it is immaterial that the insurance company knew that it was
the custom of loggers to deduct hospital fees from wages and fur-
nish such hospital and medical treatment.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered December 13, 1913, upon sus-
taining a demurrer to the complaint, dismissing an action
on a policy of indemnity insurance.  Affirmed.

*Geo. D. Emery*, for appellant.

*Peters & Powell*, for respondent.

FULLERTON, J.—The appellant, a logging company en-
gaged in the general logging business, brought this action
against the respondent, a surety company, to recover upon
a policy of insurance issued to it by the respondent, in-
demnifying it against certain defined losses.  A demurrer to
the appellant's complaint was interposed by the surety com-
pany, which the trial court sustained.  The appellant elected
to stand on the complaint, and a judgment of dismissal with
prejudice was entered against it.  This appeal followed.

In the complaint it is alleged, that the respondent, for
value received, executed its certain policy of insurance to the
appellant, wherein and whereby it insured the appellant
against loss and expense arising from claims for damages on
account of bodily injury accidentally suffered, or alleged to

[1]Reported in 144 Pac. 67.

have been suffered, during the period of such policy by any employee of the insured, by reason of the prosecution of the work described in the policy, to wit: the general logging operations of the appellant, "and the various departments thereof, and dependent and connected operations and parts thereof;" that it was generally customary and usual for all logging companies and persons engaged in the logging business to collect from each of their employees a fee of one dollar per month, and in consideration thereof to furnish and provide medicines and suitable medical and surgical treatment, hospital attendance and care, for a period not exceeding six months, to any such employee who should become sick or injured while in the course of his employment, all of which the respondent well knew when it issued its policy of insurance to the appellant; that the appellant had in its employ one Klodek, from whom it had collected such fee; that Klodek was injured while in the course of his employment, and by reason thereof required medical and surgical treatment and hospital attention and care; that the appellant at once furnished him with surgical attention and hospital attention, as was its duty, employing a certain named physician and surgeon for that purpose; that such surgeon undertook the treatment of the injury, but treated it so unskillfully and negligently that Klodek was permanently crippled and injured, to his damage; that Klodek commenced an action against the appellant for damages arising out of such unskillful treatment; that the appellant tendered the defense of the action to the respondent in accordance with the provisions of the policy; that the respondent refused to undertake the defense of the action; that the appellant thereupon defended the action itself, but unsuccessfully, and judgment went against it therein for the sum of four thousand five hundred dollars, with costs; that it appealed from the judgment to the supreme court of the state of Washington, where the judgment was affirmed; that it afterwards satisfied the judgment, paying thereon the sum of four thou-

sand eight hundred fifty-six and 85-100 dollars; that it expended in attorney's fees, witness fees, and other necessary expense in defending the action the sum of one thousand dollars. The prayer of the complaint is for the sum so paid with interest.

Attached to the complaint is a copy of the complaint in the action brought by Klodek against the appellant. In that complaint Klodek alleged a specific agreement, entered into between himself and the appellant at the time he was employed by the appellant, by which the appellant agreed, in consideration of the fee deducted, and without further expense to him, to furnish him, in case he should be injured, "with the services of a suitable surgeon and skilled physician and surgeon to attend and treat him until his recovery therefrom, and likewise provide for him, without further or other cost to him, a suitable and proper hospital, wherein he should be kept and cared for until his recovery from such injuries, . . ." A reference to the opinion of this court on the appeal shows, also, that the recovery was had on special contract to furnish medical and surgical services.

The trial court sustained the demurrer on the ground that the loss suffered by the appellant was not a loss covered by the conditions of the policy. This conclusion we think is the only conclusion that can be properly drawn from the facts shown by the record. The respondent's liability, of course, depends upon the conditions of its policy. If it has thereby undertaken to answer for losses arising from claims of damages on account of the negligent failure of the appellant to perform a special contract wherein it undertook to furnish an employee with hospital, medical and surgical services, then it is liable to answer to the suit of the appellant, otherwise not. We cannot think the policy bears this interpretation. It purports to cover only losses arising from claims of damages by the appellant's employees on account of accidental injuries suffered by the employees while in the prosecution of the appellant's logging business, and the de-

partments dependent upon, and the operations connected therewith. Hospital, medical and surgical services are no part of the logging operations, and the injured employee while in the hospital was performing no service connected with the appellant's logging business. And while the appellant alleges that it is the custom of logging companies to deduct a hospital fee from the wages of each of its several employees, and use the fee in the payment of services to be rendered such employees as become sick or injured, and that the respondent knew of this custom, we cannot think the facts in any way alter or modify the terms of the insurance. Aside from the fact that the recovery was had upon a specific contract, and not upon the custom, the insurance is only against losses arising from negligence in the logging operations, not from losses arising from negligence in the maintenance of the hospital.

But argument can hardly make the point more plain. We are clear that the judgment is right and should be affirmed. It is so ordered.

CROW, C. J., PARKER, MOUNT, and MORRIS, JJ., concur.